**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

KENYATTA JAMEEL DUNCAN,

Plaintiff,

v.

MS. FAIRBANKS, et al.,

Defendants.

USDC- GREENBELT
'26 AUG 14 AM8:13

Civil Action No.: 25-cv-2427-LKG

Dated: August 13, 2026

**MEMORANDUM OPINION**

Self-represented Plaintiff Kenyatta Jameel Duncan, who is currently incarcerated at Eastern Correctional Institution, filed this civil rights complaint pursuant to 42 U.S.C. § 1983 against Mr. Kimball, Chris Tyler, Cheryl Fairbanks, and Aramark Correctional Services, LLC ("Aramark").[1] ECF No. 5. Pending are Kimball and Tyler's ("County Defendants") and Fairbanks and Aramark's ("Aramark Defendants") respective Motions to Dismiss. ECF Nos. 14, 18. The motions are fully briefed and ripe for review. ECF Nos. 20, 21, 22, 25. Duncan also filed a Motion for Representation Pursuant to Section 1915(E) (ECF No. 24) and a Motion for Leave to File Surreply (ECF No. 28).[2] No hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, Defendants' Motions will be granted.

## I. BACKGROUND

In his Amended Complaint, Duncan alleges that in or around the end of June 2025, Wicomico County Detention Center ("WCDC") issued a memo notifying inmates that the jail's kitchen would be closed for ten days for repairs. ECF No. 5 at 4. At Fairbanks' direction, hot meals were suspended and inmates were provided "meat + cheese bag lunch's [sic]" that were prepared in the jail library, which Duncan states is unsanitary. *Id.* At an unidentified time, the bag lunches were supplemented by hot meals cooked in the jail's kitchen while it was still under

[1] The Clerk will be directed to amend the docket to reflect the full and correct names of Defendants.
[2] A surreply is permitted when the moving party, would be unable to contest any matters raised by the opposing party in their reply for the first time. *See Lewis v. Rumsfeld*, 154 F. Supp.2d 56, 61 (D. D.C. 2001). The Aramark Defendants do not raise new matters for the first time in their reply; therefore, the Motion for Leave to File Surreply shall be denied.

construction. *Id.* On July 19, 2025, a roach was found in the cheese potatoes prepared in that kitchen. *Id.* at 4-5. Duncan filed a grievance reporting the incident and discussed it with Kimball and Tyler. *Id.* at 5. He was sick for five days after eating the contaminated potatoes. *Id.* The County Defendants assured Duncan they would investigate the issue but, according to Duncan, meals continued to be prepared in the kitchen while it was undergoing repairs. *Id.* He seeks injunctive relief and $75,000 in damages. *Id.*

## II. Standard of Review

To state a claim, a plaintiff must plead facts demonstrating they have a plausible right to relief from the court. *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plausible claim is more than merely conceivable or speculative. *See Holloway v. Maryland*, 32 F.4th 293, 299 (4th Cir. 2022). The allegations must show there is "more than a sheer possibility that a defendant has acted unlawfully." *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 648 (4th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678). But the claim need not be probable, and a plaintiff need not show "that alternative explanations are less likely" than their theory. *Jesus Christ Is the Answer Ministries, Inc. v. Baltimore Cnty., Maryland*, 915 F.3d 256, 263 (4th Cir. 2019) (quoting *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015)).

When determining whether a complaint states a claim, the Court must accept the allegations as true and draw all reasonable inferences in favor of the pleader. *Williams v. Kincaid*, 45 F.4th 759, 765, 777 (4th Cir. 2022). But the Court does not accept "legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 189 (4th Cir. 2022) (quoting *U.S. ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013)). Merely reciting a claim's elements "and supporting them by conclusory statements does not meet the required standard." *Sheppard v. Visitors of Virginia State Univ.*, 993 F.3d 230, 234 (4th Cir. 2021) (quoting *ACA Fin. Guar. Corp. v. City of Buena Vista, Virginia*, 917 F.3d 206, 212 (4th Cir. 2019)).

"[P]ro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must construe pro se pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020). But "liberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff[;]'" the Court need only

"determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a pro se complaint "still 'must contain enough facts to state a claim for relief that is plausible on its face.'" *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (quoting *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

## III. Discussion

County Defendants seek dismissal of the Amended Complaint because Duncan fails to state a claim under the Fourteenth Amendment. ECF No. 14-1 3. The inquiry with respect to the conditions alleged is whether or not those conditions amount to punishment of a pretrial detainee because due process proscribes punishment of a detainee before proper adjudication of guilt. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "[N]ot every inconvenience encountered during pretrial detention amounts to 'punishment in the constitutional sense." *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988) (citing *Bell*, 441 U.S. at 535).

To state a § 1983 claim based on unconstitutional conditions of confinement, a pretrial detainee must allege "that the condition or restriction was imposed with an express intent to punish or was not reasonably related to a legitimate nonpunitive government objective." *Timms v. U. S. Att'y Gen.*, 93 F.4th 187, 191 n.8 (4th Cir. 2024) (citing *Matherly v. Andrews*, 859 F.3d 264, 275 (4th Cir. 2017)); *see also Short v. Hartman*, 87 F.4th 593, 611 (4th Cir. 2023) (noting plaintiff can state a claim based on a "governmental action" that "is not 'rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose'"). Simply put, "it is sufficient that the plaintiff show that the defendant's action or inaction was . . . objectively unreasonable.'" *Short*, 87 F.4th at 611 (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015)).

County Defendants argue that Duncan has alleged an isolated incident without "a clear nexus to any wrongdoing." ECF No. 14-1 at 4. In analyzing the requirements to adequately state the objective element of a conditions claim, the Fourth Circuit recently held the following:

> [P]risoners have a right to "nutritionally adequate food, prepared and served under conditions which do not present immediate danger to the health and well-being of the inmates who consume it." *Shrader v. White*, 761 F.2d 975, 986 (4th Cir. 1985). We agree that, "[u]nder some circumstances ... inadequate, unsanitary food service can be sufficiently serious to satisfy the objective element of an Eighth Amendment claim." *Islam v. Jackson*, 782 F. Supp. 1111, 1114 (E.D. Va. 1992). A plaintiff

> must allege "serious medical ... deterioration attributable to" the challenged conditions. *Lopez v. Robinson*, 914 F.2d 486, 490 (4th Cir. 1990) (quoting *Shrader v. White*, 761 F.2d 975, 979 (4th Cir. 1985)).

*Hammock v. Watts*, 146 F.4th 349, 361 (4th Cir. 2025). Lacking from the Amended Complaint is any allegation that Duncan's health seriously deteriorated as a result of the contaminated food he was served. In *Hammock*, 146 F.4th 349, the plaintiff claimed that he had been sick on several occasions and that the jail's food was so consistently harmful that he stopped eating the provided meals causing him to lose weight. *Id.* Here, Duncan's single bought of sickness is insufficient to establish a serious physical injury. *See id.* at 361–362 ("occasional short-lived problems with food service and isolated instances of spoiled or contaminated food does not give rise to a constitutional violation") (citing *Bedell v. Angelone*, No. 2:01CV780, 2003 WL 24054709, at *3, *14 (E.D. Va. Oct. 3, 2003), *aff'd sub nom. Bedell v. Vt. D.O.C.*, 87 F. App'x 323 (4th Cir. 2004) (per curiam) (where the plaintiff has alleged "rotten oranges and potatoes [ ] served on" one day, that "does not rise to the level of a constitutional violation")). Furthermore, Duncan does not allege that the contaminated food served on July 19, 2025, was a direct result of the County Defendants' misconduct. At most, he claims to have reported the problem. Nothing suggests that the issues persisted or that Duncan experienced any further contaminated meals or related sicknesses. As such, the Amended Complaint must be dismissed against the County Defendants.

The Aramark Defendants assert that they are entitled to dismissal of the Amended Complaint because Duncan fails to plead a claim pursuant to *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), the Aramark Defendants are not state actors, Duncan fails to state a claim under the Eighth or Fourteenth Amendments, and Duncan failed to exhaust his administrative remedies. ECF No. 18-1.

Title 42 U.S.C. § 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable." Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). The Aramark Defendants can only be held liable under § 1983 if they were state actors.

Importantly, Aramark is a private company rather than a government agency. A private party may nevertheless be considered a state actor for purposes of a § 1983 claim under the following circumstances:

> (1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen.

*DeBauche v. Trani*, 191 F.3d 499, 507 (4th Cir. 1999). "If the conduct does not fall into one of these four categories, then the private conduct is not an action of the state," and § 1983 is inapplicable. *Andrews v. Fed. Home Loan Bank of Atlanta*, 998 F.2d 214, 217 (4th Cir. 1993).

"Because providing food service at a prison or jail is a traditional government function, a private company such as Aramark which is under contract to provide such a necessity to detainees or inmates can be deemed a state actor." *Smart v. Dep't of Corr. for Queen Anne's Cnty.*, No. CV TDC-17-3606, 2019 WL 3997128, at *4 (D. Md. Aug. 19, 2019) (citing *Coleman v. Aramark*, 31 F. App'x 808, 809 (4th Cir. 2002) (assuming without deciding that Aramark acted under color of state law for purposes of § 1983 by "performing the traditional governmental function of providing food service at the Jail"); *Mozden v. Helder*, No. 5:13-CV-05160, 2014 WL 2986711, at *2 (W.D. Ark. July 2, 2014) (collecting cases holding that prison food service providers are state actors because "the food service provider has assumed the state's constitutional obligation to provide a nutritionally adequate diet to inmates")).

Assuming Aramark is a state actor, the company may be held liable under § 1983 "*only* when an official policy or custom of the corporation causes the alleged deprivation of federal rights." *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999) (emphasis in original). In the case of *Monell*, 436 U.S. 658, the Supreme Court held that local governmental entities may be liable under § 1983 based on the unconstitutional actions of individual defendants where those defendants were executing an official policy or custom of the local government that violated the plaintiff's rights. *Id.* at 690–91. The *Monell* Court explained that "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury the government as an entity is responsible under § 1983." *Id.* at 694; *see Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004).

Relevant here, *Monell* liability has been extended to private entities operating under color of state law. *See, e.g., West*, 487 U.S. at 49; *Polk Cnty. v. Dodson*, 454 U.S. 312, 320 (1981); *Rodriguez v. Smithfield Packing Co.*, 338 F.3d 348, 355 (4th Cir. 2003); *Austin*, 195 F.3d at 728. Thus, those standards applicable to municipalities apply with full force to Aramark. *See Rodriguez*, 338 F.3d at 355 (observing that principles of § 1983 municipal liability "'apply equally to a private corporation'" acting under color of state law) (citation omitted).

Duncan does not allege that the preparation and service of a contaminated meal was the result of any Aramark policy or practice, identifying only the one unfortunate incident. In fact, he does not make any specific allegations against Aramark itself. Thus, Duncan fails to "allege[ ] a clear and consistent pattern of constitutionally-deficient food service of which Aramark had notice, and failed to act upon," as would be required in order for Aramark to incur § 1983 liability. *Williams v. Aramark Food Serv.*, No. 5:08-CT-3168-D, 2011 WL 4460440, at *3 (E.D.N.C. Sept. 26, 2011). To the extent Duncan seeks to hold Aramark liable for Fairbanks' alleged misconduct under a theory of respondeat superior, the doctrine does not apply in § 1983 actions. *See Monell*, 436 U.S. at 690. As such, the Amended Complaint fails to state a plausible claim for relief against Aramark.

Assuming that Defendant Fairbanks is also a state actor, Duncan's claims against her fail as well. Liability under § 1983 attaches only upon personal participation by a defendant in the constitutional violation. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). Here, Duncan claims that it was at Fairbanks' direction that the bag lunches be prepared in the jail library while the kitchen was under repair. However, he fails to plead any facts establishing that Fairbanks was responsible for the supplementary hot meals later prepared in the jail's kitchen. As such, there is nothing in the pleadings showing that Fairbanks personally did anything which led to Duncan receiving the contaminated potatoes.

**IV. Conclusion**

For the foregoing reasons, Defendants' Motions to Dismiss will be granted. Because the Amended Complaint must be dismissed, Duncan's Motion for Representation will be denied. A separate order follows.

August 13, 2026
Date

LYDIA KAY GRIGGSBY
United States District Judge